UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IBRAHIM AHMED MAHMOUD AL QOSI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, et al. ) <br> Defendants. ) <br> ) | Civil Action No. 04-1937 (PLF) |

ORDER

Petitioner Ibrahim Ahmed Mamoud al Qosi is a detainee at the United States Naval Station at Guantanamo Bay, Cuba. On November 8, 2004, Mr. al Qosi filed a petition for a writ of habeas corpus challenging, *inter alia*, his continued detention at Guantanamo, the United States government's designation of Mr. al Qosi as an "enemy combatant," and the government's intention to subject him to trial by military commission.

Many of the arguments raised by Mr. al Qosi were also raised by petitioner Salim Ahmed in Hamdan v. Rumsfeld, No. 04-1519 (D.D.C. filed Sept. 2, 2004). On November 8, 2004, Judge Robertson issued a memorandum opinion resolving some of those questions in favor of Mr. Hamdan and denying the government's motion to dismiss the petition. See Hamdan v. Rumsfeld, 2004 U.S. DIST LEXIS 22724. The government has noticed an appeal from that ruling, and the Court of Appeals for the District of Columbia Circuit has set oral argument for March 8, 2005. See Hamdan v. Rumsfeld, No. 05-5393 (D.C. Cir. filed Nov. 16, 2004).

In light of the court of appeals' consideration in Hamdan of issues that might prove dispositive in this case, and of news reports indicating that the government has suspended



its system for the trial of individuals like Mr. Hamdan and Mr. al Qosi by military commissions at Guantanamo Bay, the Court on November 18, 2004 directed the parties to confer and, if possible, agree on a stipulation that would hold this case in abeyance pending the resolution of Hamdan by the court of appeals. The parties, however, could not agree to a stipulation. Petitioner instead filed a "Statement Opposing Abeyance," and the parties came before the Court for a status conference on December 13, 2004.

At the status conference, counsel for petitioner further articulated his reasons for opposing abeyance, while the government argued in favor of staying proceedings pending resolution of Hamdan. The government also tendered to the Court a directive from John D. Altenburg, Jr., Appointing Authority for Military Commissions in the Office of the Secretary of Defense, indicating that the military commission proceeding against petitioner would be held in abeyance pending resolution of Hamdan by the court of appeals. Counsel for the government represented that such abeyance will remain in effect until the court of appeals issues its mandate in Hamdan.

Upon consideration of the entire record in this case, and the arguments and representations of counsel, it is hereby

ORDERED that all proceedings in this matter will be held in abeyance pending resolution of Hamdan v. Rumsfeld by the court of appeals.

SO ORDERED.

DATE: December 17, 2004

/s/_____
PAUL L. FRIEDMAN
United States District Judge