|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JABRAN SAID BIN AL QAHTANI<br>a/k/a Salam al Farsi<br>a/k/a Hateb<br>a/k/a Jabran al Qahtan<br>a/k/a Saad Wazar Hatib Jabran<br>a/k/a Jabran Saad Wazar Sulayman<br>a/k/a Jabran Wazar | **Protective Order # 3**<br>Protection of "For Official Use Only" or "Law Enforcement Sensitive" Marked Information and Information with Classified Markings<br><br>**23 January 2006** |

*This Protective Order has been issued pursuant to Commission Law sua sponte by the Presiding Officer to ensure the protection of information, and so that the parties may begin the discovery process thus ensuring a full and fair trial. Counsel who desire this order modified or rescinded shall follow the Procedures in POM 9-1.*

1. **Generally:** The following Order is issued to provide general guidance regarding the below-described documents and information. Unless otherwise noted, required, or requested, it does not preclude the use of such documents or information in open court.

2. **Scope:** This Order pertains to information, in any form, provided or disclosed to the defense team in their capacity as legal representatives of the accused before a military commission. Protection of information in regards to litigation separate from this military commission would be governed by whatever protective orders are issued by the judicial officer having cognizance over that litigation.

3. **Definition of Prosecution and Defense:** For the purpose of this Order, the term "Defense team" includes all counsel, co-counsel, counsel, paralegals, investigators, translators, administrative staff, and experts and consultants assisting the Defense in Military Commission proceedings against the accused. The term "Prosecution" includes all counsel, co-counsel, paralegals, investigators, translators, administrative staff, and experts and consultants who participate in the prosecution, investigation, or interrogation of the accused.

4. **Effective Dates and Classified Information**: This Protective Order shall remain in effect until rescinded or modified by the Presiding Officer or other competent authority. This Order shall not be interpreted to suggest that information classified under the laws or regulations of the United States may be disclosed in a manner or to those persons inconsistent with those statutes or regulations.

5. <u>UNCLASSIFIED SENSITIVE MATERIALS:</u>

   a. IT IS HEREBY ORDERED that documents marked "For Official Use Only (FOUO)" or "Law Enforcement Sensitive" and the information contained therein shall be handled strictly in accordance with and disseminated only pursuant to the limitations contained in the Memorandum of the Under Secretary of Defense ("Interim Information Security Guidance") dated April 18, 2004. If either party disagrees with the marking of a document, that party must continue to handle that document as

    marked unless and until proper authority removes such marking.  If either party wishes to disseminate FOUO or Law Enforcement Sensitive documents to the public or the media, they must make a request to the Presiding Officer.

  b.  IT IS FURTHER ORDERED that Criminal Investigation Task Force Forms 40 and Federal Bureau of Investigation FD-302s provided to the Defense shall, unless classified (marked "CONFIDENTIAL," "SECRET," or "TOP SECRET"), be handled and disseminated as "For Official Use Only" and/or "Law Enforcement Sensitive."

6.  CLASSIFIED MATERIALS:

  a.  IT IS FURTHER ORDERED that all parties shall become familiar with Executive Order 12958 (as amended), Military Commission Order No. 1, and other directives applicable to the proper handling, storage, and protection of classified information.  All parties shall disseminate classified documents (those marked "CONFIDENTIAL," "SECRET," or "TOP SECRET") and the information contained therein only to individuals who possess the requisite clearance and an official need to know the information to assist in the preparation of the case.

  b.  IT IS FURTHER ORDERED that all classified or sensitive discovery materials, and copies thereof, given to the Defense or shared with any authorized person by the Defense must and shall be returned to the government at the conclusion of this case's review and final decision by the President or, if designated, the Secretary of Defense, and any post-trial U.S. federal litigation that may occur.

7.  BOOKS, ARTICLES, OR SPEECHES:

  a.  FINALLY, IT IS ORDERED that neither members of the Defense team nor the Prosecution shall divulge, publish or reveal, either by word, conduct, or any other means, any documents or information protected by this Order unless specifically authorized to do so.  Prior to publication, members of the Defense team or the Prosecution shall submit any book, article, speech, or other publication derived from, or based upon information gained in the course of representation of the accused in military commission proceedings to the Department of Defense for review.  This review is solely to ensure that no information is improperly disclosed that is classified, protected, or otherwise subject to a Protective Order.  This restriction will remain binding after the conclusion of any proceedings that may occur against the accused.

  b.  The provisions in paragraph 7a apply to information learned in the course of representing the accused before this commission, no matter how that information was obtained. For example, paragraph 7a:

    (1) Does not cover press conferences given immediately after a commission hearing answering questions regarding that hearing so long as it only addresses the aspects of the hearing that were open to the public.

(2) Does not cover public discourses of information or experiences in representing the accused before this military commission which is already known and available in the public forum, such as open commission hearings, and motions filed and made available to the public.

(3) Does cover information or knowledge obtained through any means, including experience, that is not in the public forum, and would and could only be known through such an intimate interaction in the commission process (for example, a defense counsel's experience logistically in meeting a client).

8. <u>REQUEST FOR EXCEPTIONS:</u>  Either party may file a motion, under seal and in accordance with POM 4-3 or 9-1 as appropriate, for appropriate relief to obtain an exception to this Order should they consider it necessary for a full and fair trial and/or, if necessary, any appeal.

9. <u>BREACH:</u>  Any breach of this Protective Order may result in disciplinary action or other sanctions.

IT IS SO ORDERED

/s/
DANIEL E. O'TOOLE
CAPTAIN, JAGC, U.S. NAVY
Presiding Officer